Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| JOSÉ A. RIVERA GARCÍA<br><br>Peticionario<br><br>v.<br><br>GIAN C. SANTIAGO DE LA ROSA<br><br>Recurrido | KLCE202301352 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Municipal de San Juan<br><br>Caso Núm.:<br>SJL 140-2023-0135<br><br>Sobre:<br>Ley 140 |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Álvarez Esnard y la Jueza Díaz Rivera.

Candelaria Rosa, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 13 de diciembre de 2023.

Comparecen el señor José A. Rivera García y la señora Lycette González Andrades (conjuntamente "recurrentes") vía *certiorari* para solicitar la revocación de la *Orden* del Tribunal de Primera Instancia, Sala Municipal de San Juan, emitida el 10 de octubre de 2023. Mediante el mencionado dictamen, se confirmó la decisión de una *Resolución* en el cual el foro primario determinó que no tenía jurisdicción sobre la controversia presentada. Adelantamos la desestimación del recurso por falta de jurisdicción, al tratarse de uno tardío.

En síntesis, y en lo pertinente a nuestra decisión, el Tribunal de Primera Instancia dictó una *Resolución* en la cual determinó su falta de jurisdicción sobre la controversia que le fue presentada, escrita y notificada el 6 de julio de 2023. Posteriormente, los recurrentes presentaron una *Moción para que el honorable tribunal dicte y*

*notifique resolución por escrito*, argumentando que el foro primario debe presentar y notificar su determinación por escrito. El 10 de octubre de 2023, notificada el 1 de noviembre del mismo año, el foro primario emitió una *Orden* la cual confirma la *Resolución*. Consta en el expediente que los recurrentes acudieron ante este Tribunal el 1 de diciembre de 2023.

Vale señalar que la jurisdicción es "el poder o autoridad con que cuenta un tribunal para considerar y decidir los casos y las controversias". *Beltrán Cintrón v. ELA*, 204 DPR 89, 101 (2020) (citando a *Torres Alvarado v. Madera Atiles*, 202 DPR 495 (2019)). En función de ello, los tribunales deben constatar su jurisdicción y carecen de discreción para asumirla si no la poseen. *Allied Management Group, Inc. v. Oriental Bank*, 204 DPR 374 (2020) (citando a *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239, 250 (2012); *SLG Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882) (2007)). Como consecuencia, cuando un tribunal determina que carece de jurisdicción, lo único que puede hacer es declararlo y desestimar el caso. *Cancel Rivera v. González Ruiz*, 200 DPR 319 (2018). Una sentencia dictada sin jurisdicción es nula en derecho y se considera inexistente. *Shell v. Srio. Hacienda*, 187 DPR 109 (2012). Ante dicho escenario, la Regla 83 del *Reglamento del Tribunal de Apelaciones* contempla la desestimación o denegación de un recurso por carecer de jurisdicción para atenderlo en sus méritos. Véase Regla 83(B) y (C) del Tribunal de Apelaciones (4 LPRA Ap. XXII-B).

Teniendo en cuenta lo anterior, una parte adversamente afectada por una orden, resolución o sentencia del Tribunal de Primera Instancia puede presentar una moción de reconsideración. Regla 47 de

Procedimiento Civil de 2009 (32 LPRA Ap. V). Por otra parte, una parte puede solicitar que se añadan determinaciones adicionales a la sentencia. Regla 43 de Procedimiento Civil de 2009, *supra*. No obstante, para que las solicitudes interrumpan el término estricto de treinta (30) días para recurrir al foro apelativo vía *certiorari*, estas deben presentarse dentro de los quince (15) días de archivarse en autos la notificación de la determinación. Íd. Regla 47 de Procedimiento Civil de 2009, *supra*. Véase, también, Regla 52.2 de Procedimiento Civil de 2009, *supra*. De no presentarse oportunamente el *certiorari*, el Tribunal de Apelaciones carecerá de jurisdicción para evaluar el caso en contienda. Véase *JMG Investment, Inc. v. ELA et al.*, 203 DPR 708 (2019).

De conformidad con los hechos del presente caso, la *Moción para que el honorable tribunal dicte y notifique resolución por escrito* de los recurrentes no interrumpió el término estricto de recurrir al foro apelativo mediante *certiorari*, por no considerarse una petición de reconsideración o de hechos adicionales. Por lo tanto, los recurrentes tenían hasta el 7 de agosto de 2023 para presentar su recurso de *certiorari*. Indudablemente, este Tribunal carece de jurisdicción por presentarse el recurso apelativo tardíamente.

Por los fundamentos expuestos, desestimamos el recurso por falta de jurisdicción.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones